**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jorge AYALA–CORNEJO, a.k.a. Jorge
Ayala, Defendant–Appellant.**

**No. 12–50098.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2013.*

Filed March 22, 2013.

Curtis A. Kin, Esquire, Assistant U.S., James Michael Left, Special Assistant

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jorge Ayala–Cornejo, Salters, SC, pro se.

Ashwini Shrikrishna Mate, Assistant Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Jorge Ayala–Cornejo appeals from the district court's judgment and challenges his guilty-plea conviction and 51–month sentence for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Ayala–Cornejo's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. Ayala–Cornejo has filed a pro se supplemental brief, and the government has filed an answering brief.

Ayala–Cornejo waived his right to appeal his conviction, with the exception of an appeal based on a claim that his plea was involuntary. He also waived the right to appeal his sentence, with the exception of the court's calculation of his criminal history category. Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief as to Ayala–Cornejo's plea or his criminal history category. We therefore affirm as to those issues. We dismiss the remainder of the appeal in light of the valid appeal waivers. *See United States v. Watson,* 582 F.3d 974, 988 (9th Cir.2009).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.